### CLARENCE ELMO KING v. STATE

No. 34,223.  February 7, 1962

*Guy H. McNeely,* Wichita Falls, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The appellant stands convicted of operating a motor vehicle while his operator's license was suspended; the punishment, four months in jail and a fine of $400.

The evidence is sufficient to show that the appellant was operating an automobile upon a public highway on May 19, 1961. In making its proof that appellant's operator's license was suspended on such date, the state relies alone on a certificate of the custodian of the Driver and Vehicle Division of the Texas Department of Public Safety, which was introduced in evidence.

The certificate reciting suspension of License No. 2249173 in 1947, 1948 and 1953 does not appear to be a record of the Texas Department of Public Safety or a certified copy thereof, nor do such suspensions appear to be relevant or material to the charge of operating a motor vehicle on May 19, 1961, hence should not have been admitted in evidence.

Only three types of licenses are authorized under Art. 6687b, V.A.C.S. These are "operators", "commercial operators", and "chauffeurs", and they are specifically defined in the act.

The certificate shows that the appellant was issued an original Texas Operator's License No. 2249173 on November 20, 1942. The certificate further shows that on September 16, 1947, appellant's Texas Commercial Operator License No. 2249173 was suspended. The same type and numbered license of appellant was subsequently suspended on June 18, 1948, and again on April 25, 1953. It also shows that "The permanent driver's license No. 2249173 has been removed from the record of Clarence Elmo King because of non-renewal activity." The date of the removal of the license is not shown. It is not shown what type of license No. 2249173 was when it was removed from appellant's driving record or whether it was cancelled on the issuance of appellant's commercial operator's license, which was later suspended. There is no evidence showing that the appellant had a valid operator's license on May 19, 1961, or if he did that it was suspended.

For the reasons pointed out, the evidence is insufficient to show that appellant's operator's license was suspended as alleged, and it does not support the conviction.

The judgment is reversed and the cause is remanded.

Opinion approved by the Court.